MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
GONZALO GUZMAN, JUSTINO TELLEZ, ABEL
HERNANDEZ, SALUSTRIO DE LOS SANTOS,
GILBERTO SANTOS, ARTURO NAVARRO, JUAN
CAMACHO, ALEJANDRO SANTOS, and MIGUEL
PAZ, *individually and on behalf of others similarly
situated*,

**07 CV 8064 (GWG)(LAP)**

*Plaintiffs*,

-against-

**COMPLAINT**

ENERGY KITCHEN, INC., ENERGY KITCHEN
SECOND AVENUE CORP., ENERGY KITCHEN-
VILLAGE, INC., ENERGY KITCHEN 57TH
STREET, INC., ENERGY KITCHEN-CHELSEA,
INC., PINK SHOELACES, INC., ANTHONY
LEONE,

**FLSA Collective Action**

*Defendants.*
-------------------------------------------------------------------X

      Plaintiffs Gonzalo Guzman, Justino Tellez, Abel Hernandez, Salustrio De Los Santos,

Gilberto Santos, Arturo Navarro, Juan Camacho, Alejandro Santos, and Miguel Paz, individually

and on behalf of others similarly situated, by and through their attorneys, Michael Faillace &

Associates, P.C., allege upon information and belief of the above named Defendants, as follows:

**NATURE OF THE ACTION**

      1.     Plaintiffs are former employees of Energy Kitchen, Inc., Energy Kitchen Second

Avenue Corp., Energy Kitchen-Village, Inc., Energy Kitchen 57th Street, Inc., Energy Kitchen-

Chelsea, Inc., Pink Shoelaces, Inc. (collectively referred to herein as "Defendant Energy Kitchen

Corporations"), and Anthony Leone ("Defendant Leone").

2.      Defendant Energy Kitchen Corporations, by and through their owner, operate a

chain of fast food chain restaurants that offer healthy, high energy meal options.

3.      Defendant Energy Kitchen Corporations are owned and operated by individual

Defendant Leone. Upon information and belief, Defendant Leone serves as an owner, principal,

or agent of Defendant Energy Kitchen Corporations.

4.      Defendants have maintained a policy and practice of requiring Plaintiffs and other

similarly situated employees to work in excess of forty (40) hours per week without providing

the minimum wage and overtime compensation required by federal and state law and regulations.

Plaintiffs now bring this action, on behalf of themselves and other similarly situated individuals,

for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act

of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq.*,

and the spread of hours and overtime wage orders of the New York Commissioner of Labor (the

"spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. §

142-2.2, 2.4.)

5.      Plaintiffs also seek certification of this action as a collective action on behalf of

themselves, individually, and all other similarly situated employees and former employees of the

Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA),

28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question).  Supplemental

jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

7.      Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a

substantial part of the events or omissions giving rise to the claims occurred in this district, and

Plaintiffs were employed by Defendants in this district.

**PARTIES**

*Plaintiffs*

8.      Plaintiff Gonzalo Guzman ("Plaintiff Guzman") is an adult individual residing in

Queens County, New York.  Plaintiff Guzman was employed by Defendants from approximately

May 2001 through August 24, 2007.  From approximately May 2001 through July 2006, Plaintiff

Guzman worked as a line cook at 95 John Street, New York, NY 10038 (during his employment,

Defendant Energy Kitchen Corporation subsequently changed locations to 300 East 41st Street,

New York, NY 10017 ("Energy Kitchen 41st Street Location")).  Plaintiff Guzman was paid

$8.50 from approximately May 2001 until 2002; from 2003 through 2004, Plaintiff Guzman was

paid $9.25 an hour; and from 2005 until 2007, Plaintiff Guzman was paid $10 an hour.  His

typical schedule was from 7 a.m. to 6 p.m., 6 days a week, working a total of about 66 hours per

week.

9.      From approximately July 2006 to August 24, 2007, Plaintiff Guzman was

promoted to Assistant Manager and worked from 12 p.m. to 11:30 p.m., 6 days a week. In

addition, Plaintiff Guzman worked from 9 a.m. to 11:30 p.m., every other Saturday.  During this

time, Plaintiff Guzman worked anywhere from 69 to 72 hours per week.  As Assistant Manager,

Plaintiff Guzman never received a raise to his hourly wage of $10.  His job responsibilities

included supervising the delivery boys, taking orders in person and on the phone, cashing out

registers at the end of night shifts, and closing the store.  Plaintiff Guzman was never paid

overtime and his wages were distributed by check to cover 40 hours, with the remaining hours

paid in cash.

10.    Plaintiff Justino Tellez ("Plaintiff Tellez") is an adult individual residing in

Queens County, New York.  Plaintiff Tellez was employed as a line cook by Defendants from

approximately June 6, 2006 to August 25, 2007, working for a month at 82 Christopher Street,

New York, NY 10014 ("Energy Kitchen Christopher Location"), then at the Energy Kitchen 41st

Street Location.  Plaintiff Tellez typically worked from 7 a.m. to 3 p.m., 6 days a week, working

about 48 hours a week.  From approximately June 6, 2006 to July 20, 2006, Plaintiff Tellez

received $7.50 per hour; from July 20, 2006 to November 20, he received $8.00 per hour; from

November 20, 2006 until April 30, 2007, he received $8.50 per hour; from April 30, 2007 until

August 25, 2007, he received $9.00 per hour.  Plaintiff Tellez was never paid overtime and his

wages were distributed by check to cover 40 hours, with remaining hours paid in cash.  Plaintiff

Tellez received a 30-minute break every other day of work.

11.    Plaintiff Abel Hernandez ("Plaintiff Hernandez") is an adult individual residing in

Queens County, New York.  Plaintiff Hernandez was employed as a delivery boy by Defendants

from approximately April 2007 to August 23, 2007, working at the Energy Kitchen 41st Street

Location.  Plaintiff Hernandez typically worked 68 hours per week.  Plaintiff Hernandez worked

from 7 a.m. to 9 p.m. Monday through Wednesday; 7 a.m. to 4 p.m. on Thursday; 4 p.m. to

11:30 p.m. on Fridays; and 10:30 a.m. to 11:30 p.m. on Saturdays.  Plaintiff Tellez received

$4.00 per hour and approximately $30 in tips a day.

12.     A large portion of Plaintiff Hernandez's time was spent doing non-delivery work.

On Mondays, from approximately 7 a.m. to 8:30 a.m., Plaintiff Hernandez was required to take

out the delivery bikes, clean outside of the restaurant, and bring up supplies from the basement.

From Tuesday through Wednesday, Plaintiff Hernandez was required to unload deliveries from

the trucks and store all items in the refrigerators. In addition, to these scheduled duties, Plaintiff

Hernandez was also required to wash dishes, pack delivery orders, sweep and mop, polish the

windows, clean out the garbage cans, and clean the bathrooms.  In total, Plaintiff Hernandez

spent approximately 5 to 9 hours a day working on non-delivery responsibilities.  His wages

were distributed by check to cover 40 hours and the remaining hours were paid to him in cash.

Plaintiff Hernandez received an hour break Mondays through Wednesday, as well as Saturdays.

13.     Plaintiff Salustrio De Los Santos ("Plaintiff De Los Santos") is an adult individual

residing in Bronx County, New York.  Plaintiff De Los Santos was employed as both a line cook

and delivery boy from approximately February 2006 until September 1, 2007 at the Energy

Kitchen Christopher Location.  Plaintiff De Los Santos typically worked 68 hours per week: 7

a.m. to 9 p.m. Monday through Thursday; 7 a.m. to 4 p.m. on Fridays; and 3 p.m. to 11 p.m. on

Saturdays (line cook).  From approximately February 2006 until February 2007, Plaintiff De Los

Santos worked solely as a delivery boy, receiving $4.00 per hour and approximately $40 in daily

tips; from February 2007 until March 2007, Plaintiff De Los Santos worked solely as a delivery

boy, receiving $4.50 per hour and approximately $40 in daily tips; from March 2007 until

September 1, 2007, Plaintiff De Los Santos worked as a delivery boy receiving $5.00 per hour, and $9.00 per hour as a line cook receiving.

14.    On the days Plaintiff De Los Santos was responsible for delivery orders, he was required to perform 3 to 4 hours of non-delivery work in between his deliveries, which included food preparation such as cutting vegetables and preparing muffins.  His wages were paid entirely in cash until approximately January 2007 at which time he was paid 40 hours of wages in check and remaining hours in cash.  Plaintiff De Los Santos received a two hour break when performing deliveries and no break working as a line cook.

15.    Plaintiff Gilberto Santos ("Plaintiff Santos") is an adult individual residing in Bronx County, New York.  Plaintiff Santos was employed as a delivery boy by Defendants from approximately 1999 to July 27, 2007.  From approximately 2001 to September 2002, Plaintiff Santos worked at 307 W. 17th Street, New York, NY 10011 ("Energy Kitchen 17th Street Location"), as well as a previous Energy Kitchen location at 24 John Street, New York, NY 10028.  During this time, Plaintiff Santos worked five days a week at the John Street location from 7 a.m. to 4 p.m. for $5.00 an hour, and six days a week at the Energy Kitchen 17th Street Location from 5 p.m. to 9 p.m. for $5.23 an hour.  From approximately October 2002 to July 2007, Plaintiff Santos worked at the Energy Kitchen Second Avenue Location.  During this time, Plaintiff Santos worked six days a week at the Energy Kitchen Second Avenue Location from 7 a.m. to 9 p.m. for $4.75 an hour; from January 2005 until January 2007, Plaintiff Santos worked five days a week at the Energy Kitchen Second Avenue Location for $5.15 per hour; and after July 2007, Plaintiff Santos was paid $5.65 an hour.  In addition to his delivery responsibilities, Plaintiff Santos was required to help unload and organize supplies and food deliveries, clean the

restaurant and bathrooms, and assist the cashier.  Plaintiff Santos received 40 hours of wages by

check and the remaining hours in cash.

16.     Plaintiff Arturo Navarro ("Plaintiff Navarro") is an adult individual residing in

Bronx County, New York.  Plaintiff Navarro was employed as a line cook by Defendants from

approximately February 23, 2005 until September 1, 2007, working at the Energy Kitchen

Christopher Location.  Plaintiff Navarro typically worked 48 hours per week: 7 a.m. to 3:30 p.m.

Monday through Friday and 8:30 a.m. to 3 p.m. on Saturdays. From approximately June 2007 to

September 1, 2007, Plaintiff Navarro also worked Sundays from 9 a.m. to 10 p.m., for a total of

58 hours per week.  From approximately Feb 2005 until May 2005, Plaintiff Navarro was paid

$7.75 per hour; from April 2005 until September 2005, he was paid $8.00 an hour; from October

2005 until March 2006, he was paid $8.50; from April 2006 until January 2007 he was paid

$9.00; from January 2007 until July 2007, he was paid $9.50; and from July 2007 until

September 1, 2007 he was paid $10.25 an hour.  Plaintiff Navarro received 40 hours of wages in

check and remaining hours in cash.  Plaintiff Navarro did not receive any scheduled breaks.

17.     Plaintiff Juan Camacho ("Plaintiff Camacho") is an adult individual residing in

Queens County, New York.  Plaintiff Camacho has been employed as a delivery boy by

Defendants from approximately August 2006 to the present.  He has worked at the Energy

Kitchen 41st Street Location and 417 W. 47th Street, New York, NY 10036 (Energy Kitchen

47th Street Location).  Plaintiff Camacho is paid $4.00 an hour, receives approximately $15 in

tips a day, and typically works 53 hours per week.  His schedule at Energy Kitchen 41st Street

Location is 10 a.m. to 4 p.m. Monday, Tuesday, Wednesday, and Friday; 12 p.m. to 10 p.m. on

Saturdays; and 9:30 a.m. to 10 p.m. on Sundays.  In addition, Plaintiff Camacho also works at

the Energy Kitchen 47th Street Location from 5 p.m. to 11:30 p.m. Monday, Tuesday,

Wednesday, and Friday.  In addition to his delivery responsibilities, Plaintiff Camacho is

required to wash dishes, pack food, mop floors, and clean the kitchen.  His receives 40 hours in

wages by check and remaining hours in cash.  Plaintiff Camacho does not receive any scheduled

breaks during the weekday or on Sundays, but receives an hour on Saturdays.

18.     Plaintiff Alejandro Santos ("Plaintiff Alejandro") is an adult individual residing in

Bronx County, New York.  Plaintiff Alejandro has been employed as a delivery boy by

Defendants from approximately May 2005 to September 8, 2007 at the Energy Kitchen Second

Avenue Location.  From approximately May 2005 to mid-August 2006, Plaintiff Alejandro was

paid $4.00 an hour, received approximately $40 in tips a day, and typically worked 48 hours per

week.  From approximately mid-August 2006 to September 8, 2007, Plaintiff Alejandro was paid

$4.50 an hour.  In addition to his delivery responsibilities, Plaintiff Alejandro was required to

perform non-delivery work such as prepare food, cook, and clean the kitchen.  He received 40

hours in wages by check and remaining hours in cash.  Plaintiff Alejandro only received

scheduled breaks during his Monday through Thursday shifts.

19.     Plaintiff Manuel Paz ("Plaintiff Paz") is an adult individual residing in Queens

County, New York.  Plaintiff Paz has been employed as a line cook by Defendants from

approximately November 2005 to September 8, 2007 at the Energy Kitchen Second Avenue

Location.  From approximately November 2005 to June 2006, Plaintiff Paz typically worked 36

hours per week from 5 p.m. to 11 p.m. for six days a week; from approximately July 2006 to

September 2007, Plaintiff Paz typically worked 78 hours per week from 10 a.m. to 11 p.m. for

six days per week.  Plaintiff Paz was paid $7.00 per hour from approximately November 2005 to

March 2006; $8.00 per hour from approximately April 2006 to July 2006; $8.50 from

approximately August 2006 to December 2006; $9.00 per hour from January 2007 to mid-July

2007; and $9.50 per hour from mid-July to September 8, 2007. In addition to his delivery

responsibilities, Plaintiff Alejandro was required to perform non-delivery work such as prepare

food, cook, and clean the kitchen.  He received 40 hours in wages by check and remaining hours

in cash.  Plaintiff Alejandro received an hour break from July 2006 to September 2007.

*Defendants*

20.      Upon information and belief, Defendant Energy Kitchen Corporations are owned

and operated by individual Defendant Leone, who is doing business with different trade names,

and who is sued as an individually and in his capacity as an owner, officer and/or agent who

operates as a director and officer of the said Defendant Corporations.

21.      Upon information and belief, Defendant Energy Kitchen Corporations are all

corporations organized and existing in New York County.

22.      Defendant Energy Kitchen, Inc.-Village, Inc. maintains its place of business at 82

Christopher Street, New York, NY 10014.

23.      Defendant Energy Kitchen 57th Street Inc. maintains its place of business at 1089

2nd Avenue, New York, NY 10022.

24.      Defendant Energy Kitchen-Chelsea, Inc. maintains its place of business at 3307

W. 17th Street, New York, NY 10122.

## STATEMENT OF FACTS

*Defendants' Employment and Compensation Practices*

25.     Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

26.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

27.     Defendants paid Plaintiffs either wholly in cash or by a combination of check and cash, without providing an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week.

28.     On several incidents, Plaintiff Hernandez approached the restaurant manager, Todd Cohen, and told him that he and the other employees were not being properly paid and not receiving overtime.  Todd Cohen told Plaintiff Hernandez to stop speaking up for the other employees or he would fire him.  Furthermore, Todd Cohen told Plaintiff Hernandez that the delivery boys had always been paid the same and the wage policy was not a mistake.

29.     On numerous occasions, Plaintiffs received neither the 30 minute noonday break period for employees who work shifts of more than 6 hours that extend over the noonday meal period, nor an additional 20 minutes between 5 p.m. and 7 p.m. when employed on a shift starting before 11 a.m. and continuing after 7 p.m.

*Defendants' Organizational Structure*

30.     Upon information and belief, Defendant Leone is the owner and/or executive director of all Defendant Energy Kitchen Corporations.

31.     At all relevant times, Defendant Leone employed and/or jointly employed the Plaintiff.

32.     The gross annual volume of sales made or business done by Defendant Energy Kitchen Corporations, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiff, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Collective Action Claims*

34.     On information and belief, there are over 15 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

35.     The named Plaintiffs are representative of these other workers and are acting on behalf of their interests as well as their own interest in bringing this action:

     a.  Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons

similarly situated to Plaintiffs who have been unlawfully deprived of

minimum wage and overtime pay in violation of the Fair Labor Standards Act,

will be unable to secure compensation to which they are entitled and which

has been unlawfully withheld from them by Defendants.

## FIRST CAUSE OF ACTION
### Minimum Wage Act Under the FLSA

36.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

37.    At all relevant times, Defendants were Plaintiffs' employers within the meaning

of the FLSA, 29 U.S.C. § 203(d).

38.    At all relevant times, Defendants were engaged in commerce or in an industry or

activity affecting commerce.

39.    Defendant Energy Kitchen Corporations constitutes enterprises within the

meaning of the FLSA, 29 U.S.C. § 203(r).

40.    Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate

in violation of 29 U.S.C. §§ 206(a) and 255(a).

41.    Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Overtime Wage Order Under the FLSA

42.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

43.    Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty

hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

44.    Plaintiffs have been damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**Minimum Wage Act Under the NYLL**

45.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

46.     At all relevant times, Defendants were Plaintiffs' employers within the meaning

of the NYLL §§ 2 and 651.

47.     Defendants knowingly paid Plaintiffs less than the minimum wage in violation of

NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

48.     Defendants' failure to pay Plaintiffs minimum wage was willful within the

meaning of NYLL § 663.

49.     Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**Overtime Wage Order Under the NYSLL**

50.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

51.     Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-

half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in

violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

52.     Defendants' failure to pay Plaintiffs overtime was willful within the meaning of

NYLL § 663.

53.     Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**Spread of Hours Wage Order**

54.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

55.     Defendants failed to pay Plaintiffs one additional hour's pay at the minimum

wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours

Wage Order.

56.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs worked in excess of ten hours was willful within the meaning of NYLL § 663.

57.    Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.    Declaring that Defendants have violated the minimum wage orders of the FLSA and NYLL, as to Plaintiffs;

C.    Declaring that Defendants have violated the overtime wage orders of the FLSA and NYLL, as to Plaintiffs;

D.    Declaring that Defendants' violation of the FLSA and NYLL were willful, as to Plaintiffs;

E.    Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commissioner of Labor, as to Plaintiffs;

F.    Awarding Plaintiffs and the punitive class members damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL;

G.    Awarding Plaintiffs and the punitive class members liquidated damages in

an amount equal to minimum and overtime wage orders, as well as the spread of hours pay

pursuant to 29 U.S.C. § 216(b);

H.    Awarding Plaintiffs and the punitive class liquidated damages in an

amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of

hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

I.    Awarding Plaintiffs and the punitive class prejudgment interest;

J.    Awarding Plaintiffs and the punitive class members the expenses incurred in this

action, including costs and attorney's fees; and

K.    For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 7, 2007

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                                        By: _____/s/_____
                                            Michael Faillace [MF-8436]
                                            110 East 59th Street, 32nd Floor
                                            New York, New York 10022
                                            (212) 317-1200
                                            *Attorneys for Plaintiff*