UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GONZALO GUZMAN, et. al.,

                     Plaintiffs,

- against -

ENERGY KITCHEN, INC., et. al.

                     Defendants.
------------------------------------------------------------------X

**ANSWER**

07-CIV-8064 (GEL) (GWG)

      Defendants ENERGY KITCHEN, INC., ENERGY KITCHEN SECOND AVENUE CORP., ENERGY KITCHEN-VILLAGE, INC., ENERGY KITCHEN 57TH STREET, INC., ENERGY KITCHEN-CHELSEA, INC., PINK SHOELACES, INC. (collectively, "Corporate Defendants") and ANTHONY LEONE (together with the Corporate Defendants, referred to as "Defendants"), by and through their attorney Ruskin Moscou Faltischek, P.C., as and for their Answer to the Complaint, state as follows:

1.     Admit the allegations in paragraph "1" of the Complaint.

2.     Deny the allegations in paragraph "2" of the Complaint.

3.     Deny the allegations in paragraph "3" of the Complaint.

4.     Deny the allegations in paragraph "4" of the Complaint, except admit that plaintiffs purport to bring an action for the claims alleged therein, and deny that plaintiffs have any entitlement to a remedy under said statutes.

5.     In response to the allegations in paragraph "5" of the Complaint, admit that plaintiffs purport to seek certification as a collective action and deny plaintiffs' entitlement to such relief.

6.     Admit the allegations in paragraph "6" of the Complaint.

7.     Admit the allegations in paragraph "7" of the Complaint.

1

8. Deny the allegations in paragraph "8" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Guzman's residence, and admit that Plaintiff Guzman was employed by one or more of the Corporate Defendants.

9. Deny the allegations in paragraph "9" of the Complaint, except admit that Plaintiff Guzman was promoted to Assistant Manager.

10. Deny the allegations in paragraph "10" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Tellez's residence, and admit that Plaintiff Tellez was employed by one or more of the Corporate Defendants.

11. Deny the allegations in paragraph "11" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Hernandez's residence, and admit that Plaintiff Hernandez was employed by one or more of the Corporate Defendants.

12. Deny the allegations in paragraph "12" of the Complaint.

13. Deny the allegations in paragraph "13" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff De Los Santos' residence, and admit that Plaintiff De Los Santos was employed by one or more of the Corporate Defendants.

14. Deny the allegations in paragraph "14" of the Complaint.

15. Deny the allegations in paragraph "15" of the Complaint.

16. Deny the allegations in paragraph "16" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff

Navarro's residence, and admit that Plaintiff Navarro was employed by one or more of the Corporate Defendants.

17. Deny the allegations in paragraph "17" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Camacho's residence and his alleged work at "the Energy Kitchen 47th Street Location." Further, Defendants admit that Plaintiff Camacho was employed by one or more of the Corporate Defendants.

18. Deny the allegations in paragraph "18" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Santos' residence, and admit that Plaintiff Santos was employed by one or more of the Corporate Defendants.

19. Deny the allegations in paragraph "19" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Paz's residence, and admit that Plaintiff Paz was employed by one or more of the Corporate Defendants.

20. Deny the allegations in paragraph "20" of the Complaint.

21. Admit the allegations in paragraph "21" of the Complaint.

22. Admit the allegations in paragraph "22" of the Complaint.

23. Admit the allegations in paragraph "23" of the Complaint.

24. Deny the allegations in paragraph "24" of the Complaint, except admit that Energy Kitchen-Chelsea, Inc. maintains its place of business at 307 West 17th Street.

25. Deny the allegations in paragraph "25" of the Complaint.

26. Deny the allegations in paragraph "26" of the Complaint.

27. Deny the allegations in paragraph "27" of the Complaint.

28. Deny the allegations in paragraph "28" of the Complaint.

29. Deny the allegations in paragraph "29" of the Complaint.

30. Deny the allegations in paragraph "30" of the Complaint.

31. Deny the allegations in paragraph "31" of the Complaint.

32. Deny the allegations in paragraph "32" of the Complaint.

33. Deny the allegations in paragraph "33" of the Complaint.

34. Deny the allegations in paragraph "34" of the Complaint.

35. Deny the allegations in paragraph "35" of the Complaint.

36. Repeat and reallege their responses to each and every allegation of the Complaint to which paragraph "36" refers as though fully set forth herein.

37. Respectfully decline to respond to the allegations contained in paragraph 37 of the Complaint as they constitute legal conclusions to which no response is required. To the extent that a response is required, those allegations are denied.

38. Respectfully decline to respond to the allegations contained in paragraph 38 of the Complaint as they constitute legal conclusions to which no response is required. To the extent that a response is required, those allegations are denied.

39. Respectfully decline to respond to the allegations contained in paragraph 39 of the Complaint as they constitute legal conclusions to which no response is required. To the extent that a response is required, those allegations are denied.

40. Deny the allegations in paragraph "40" of the Complaint.

41. Deny the allegations in paragraph "41" of the Complaint.

42. Repeat and reallege their responses to each and every allegation of the Complaint to which paragraph "42" refers as though fully set forth herein.

43. Deny the allegations in paragraph "43" of the Complaint.

44. Deny the allegations in paragraph "44" of the Complaint.

45. Repeat and reallege their responses to each and every allegation of the Complaint to which paragraph "45" refers as though fully set forth herein.

46. Deny the allegations in paragraph "46" of the Complaint.

47. Deny the allegations in paragraph "47" of the Complaint.

48. Deny the allegations in paragraph "48" of the Complaint.

49. Deny the allegations in paragraph "49" of the Complaint.

50. Repeat and reallege their responses to each and every allegation of the Complaint to which paragraph "50" refers as though fully set forth herein

51. Deny the allegations in paragraph "51" of the Complaint.

52. Deny the allegations in paragraph "52" of the Complaint.

53. Deny the allegations in paragraph "53" of the Complaint.

54. Repeat and reallege their responses to each and every allegation of the Complaint to which paragraph "54" refers as though fully set forth herein

55. Deny the allegations in paragraph "55" of the Complaint.

56. Deny the allegations in paragraph "56" of the Complaint.

57. Deny the allegations in paragraph "57" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

58. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59. The Court lacks jurisdiction over one or more of the Corporate Defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60. Plaintiffs' claims are barred in whole or in part based upon the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

61. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62. Plaintiffs' claims are barred in whole or in part by payments made by one or more of the Corporate Defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims are barred in whole or in part because one or more of the Defendants is not an employer as defined by applicable law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

64. Plaintiffs' claims are barred in whole or in part because the Defendants acted in good faith.

WHEREFORE, Defendants ENERGY KITCHEN, INC., ENERGY KITCHEN SECOND AVENUE CORP., ENERGY KITCHEN-VILLAGE, INC., ENERGY KITCHEN 57TH STREET, INC., ENERGY KITCHEN-CHELSEA, INC., PINK SHOELACES, INC. and ANTHONY LEONE respectfully request that the Court grant judgment dismissing the

Complaint in its entirety, awarding Defendants disbursements, costs and reasonable attorney's fees, and granting such other and further relief as the Court deems just and proper.

Dated:   November 15, 2007
         Uniondale, New York

RUSKIN MOSCOU FALTISCHEK P.C.

By: *Kimberly B. Malerba*
Jeffrey M. Schlossberg
Kimberly B. Malerba
1425 RexCorp. Plaza
East Tower, 15th Floor
Uniondale, NewYork 11556
(516) 663-6600

Attorney for Defendants

#403340\1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GONZALO GUZMAN, et. al.,

                         Plaintiffs,

- against -

ENERGY KITCHEN, INC., et. al.

                         Defendants.
------------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

07-CIV-8064 (GEL) (GWG)

I HEREBY CERTIFY that on this November 15, 2007, a copy of the annexed ANSWER was served upon the within listed parties by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee as

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200

_____
Kimberly B. Malerba
Ruskin Moscou Faltischek, P.C.
1425 RexCorp Plaza
East Tower, 15th Floor
Uniondale, New York 11556
(516) 663-6600